IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAUSTINO SAUCEDO, Individually And On Behalf of All Similarly Situated Persons | § § § § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION 4:17-cv-1943 |
| MSF ELECTRIC, INC. | § § § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Defendant MSF Electric, Inc. ("MSF") files this Motion to Dismiss Plaintiff's Original Collective Action Complaint ("Complaint") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I.
### OVERVIEW

On June 23, 2017, Plaintiff Faustino Saucedo ("Saucedo") filed this lawsuit under the Fair Labor Standards Act ("FLSA") asserting overtime violations by MSF. MSF now moves to dismiss Saucedo's Complaint for failure to state a claim upon which relief can be granted. Saucedo's Complaint alleges an FLSA violation but fails to state when and whether Saucedo worked overtime, much less whether other prospective plaintiffs actually worked overtime hours for which they were not paid.

### II.
### ISSUE TO BE RULED ON BY THE COURT

Whether Saucedo has pled a plausible claim for relief under Federal Rules of Civil Procedure 12(b)(6).

1

### III.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that claims must be dismissed if the plaintiff has failed to state a claim for which relief may be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the plaintiff's right to relief based on the facts he alleged in his complaint. *Crow v. Henry*, 43 F.3d 198, 203 (5th. Cir. 1995). In order to avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept all factual allegations as true, but the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### IV.
### ARGUMENT & AUTHORITIES

Saucedo's Complaint should be dismissed because he has failed to state a plausible claim that MSF violated the overtime provisions of the FLSA. The FLSA requires that employers provide overtime compensation to non-exempt employees for each hour worked beyond forty (40) hours per week. 29 U.S.C. § 207(a)(1).

In *Coleman v. John Moore Services*, the Fifth Circuit found the following allegations insufficient to state a claim under *Twombly* and *Iqbal*: "[during] one or more weeks of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours" and "during one or more weeks . . . Defendant failed to pay Plaintiff." 2014 WL 51290, at *4 (5th Cir. Jan. 7, 2014). The court explained that such allegations are no more than an all-

purpose pleading template "providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of a cause of action." *Id.*

Here, Saucedo's allegations are even more threadbare and conclusory than the complaint dismissed in *Coleman*. Saucedo alleges only that:

- "[Plaintiff] was not paid at all for the hours he worked over 40 in a workweek;"
- "Defendant failed to pay the Plaintiff the required overtime premium in every workweek that the Plaintiff was employed by Defendant in which Plaintiff worked in excess of 40 hours;" and
- "Defendant makes a regular practice of not paying its employees for hours worked over 40 in a workweek."

(Docket No. 1. at ¶¶ 4, 8, 10). These allegations merely repeat the language of the FLSA without providing sufficient factual context to shift the claim from conceivable to plausible. Saucedo's Complaint fails to allege that he actually worked any hours in excess of forty (40) for MSF, instead merely alleging that if he did work overtime he was not compensated for it. MSF is left to speculate as to whether Saucedo actually worked any overtime and when overtime violations, if any, may have occurred. As a result, Saucedo's Complaint is less specific than the dismissed complaint in *Coleman*. It is not "unfair or burdensome" to require plaintiffs to draw on "memory and experience" to "flesh out the complaint with a factual context." *Coleman*, at *4. Saucedo may have adequately provided MSF with notice of the nature of his claim, but Saucedo has certainly failed to provide MSF with fair notice of the "grounds upon which [the claim] rests." *Twombly*, at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Saucedo's Complaint should be dismissed for failing to adequately plead a claim for unpaid overtime under the FLSA.

3

## V.
## CONCLUSION

For these reasons, MSF respectfully requests that this Court dismiss Saucedo's Complaint.

Respectfully submitted,

By: /s/ Katherine T. Mize_____
Katherine T. Mize
State Bar No.: 00784617
Federal Bar No. 15523
katherine.mize@mizepc.com
711 Louisiana, Suite 1900
South Pennzoil Tower
Houston, Texas 77002
Telephone: (713) 595-9675
Facsimile: (713) 595-9670

**Attorney-in-Charge for Defendant
MSF Electric, Inc.**

Travis C. Bryan
State Bar No. 24102826
Federal Bar No. 3020169
travis.bryan@mizepc.com
711 Louisiana, Suite 1900
South Pennzoil Tower
Houston, Texas 77002
Telephone: (713) 595-9675
Facsimile: (713) 595-9670

**Of Counsel for Defendant
MSF Electric, Inc.**

### CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with opposing counsel Vijay Pattisapu on August 22, 2017 regarding this motion. We discussed the possibility of filing another Unopposed Motion to Extend Answer Deadline, but unfortunately Mr. Pattisapu had a separate trial

setting right before MSF's answer deadline and we were unable to reduce anything to writing.

_____
Travis C. Bryan

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served electronically on August 25, 2017 on all counsel of record.

/s/ Katherine T. Mize_____
Katherine T. Mize