United States District Court
Southern District of Texas
**ENTERED**
December 04, 2017
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FAUSTINO SAUCEDO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1943 |
| | § | |
| MSF ELECTRIC, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is a motion to dismiss filed by defendant MSF Electric, Inc. ("MSF"). Dkt. 10. Plaintiff Faustino Saucedo responded. Dkt. 11. MSF did not file a reply. Having considered the motion, response, and applicable law, the court is of the opinion that the motion to dismiss should be DENIED.

## I. BACKGROUND

This is a Fair Labor Standards Act (FLSA) case. Dkt. 1. Saucedo filed this FLSA suit against his former employer, MSF, to recover unpaid overtime for himself and for other similarly situated employees.[1] *Id.* at 1. MSF moves to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 10 at 1.

Saucedo alleges he worked for MSF as an electrician and foreman from November 2016 until June 2017. Dkt. 1 at 2. There, he performed electrical work, supervised other electricians, supervised projects at job sites, ordered work materials, and organized those materials. *Id.*

---

[1] For the purposes of a motion to dismiss, the court accepts all well-pled facts contained in Saucedo's complaint as true. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

It is undisputed that Saucedo was a non-exempt employee. Dkts. 1 at 2, 10 at 3. MSF paid him on an hourly basis and the same hourly rate for all hours worked. Dkt. 1 at 2. However, he was "not paid at all for the hours he worked over forty in a workweek ('off-the-clock.')" *Id.* In particular, MSF "failed to pay [Saucedo] the required overtime premium in every workweek that [Saucedo] was employed by [MSF] in which [Saucedo] worked in excess of 40 hours." *Id.* at 3. Saucedo alleges that MSF is not exempt from paying him for that time. *Id.* Saucedo alleges that MSF paid similarly situated employees in the same way. *Id.* at 2–3. He also alleges that MSF "has not made a good faith effort to comply with the FLSA." *Id.* As a result, MSF "knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation" as to Saucedo. *Id.*

## II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*;

*see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III.  Analysis

Under the FLSA, employers must pay overtime compensation to non-exempt employees for each hour worked beyond forty hours per week. 29 U.S.C. § 207(a)(1) ("[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed"). "To show a violation of the FLSA's overtime requirements, a plaintiff must allege (1) that he was employed by the defendant; (2) that his work involved interstate activity; and (3) that he performed work for which he was undercompensated." *Coleman v. John Moore Servs., Inc.*, Civil Action No. H-13-2090, 2014 WL 51290, *1, *3 (S.D. Tex. Jan. 7, 2014) (Rosenthal, J.).

In *Coleman*, an electrician sued his former employer for failing to pay overtime. *Id.* at *1. *Coleman* analyzed First and Second Circuit authority to grant the employer's motion to dismiss without prejudice and with leave to amend after finding the electrician's allegation's inadequate. *Id.* (analyzing *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) and *Pruell v.*

3

*Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012). There, the court noted that "[t]he complaint merely allege[d] that during one or more weeks of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours and that during one or more weeks Defendant failed to pay Plaintiff the overtime rate." *Id.* at *4. And, *Coleman* distinguished its outcome from *Hoffman* because the latter provided "some additional factual context for their claim" *Id.* (citing *Hoffman v. Cemex, Inc.*, Civil Action No. H-09-3144, 2009 WL 4825224, at *1 (S.D. Tex. Dec. 8, 2009) (Rosenthal, J.)).

In *Hoffman*, the district court denied an employer's 12(b)(6) motion to dismiss FLSA claims made by two technicians to recover unpaid overtime. *Hoffman*, 2009 WL 485224, at *3. There, the technicians alleged that they "were classified as nonexempt, that they regularly worked more than 40 hours per workweek, and that they wer not paid time-and-a half for those overtime hours." *Id. Hoffman* held that "those are all factual allegation[s]–not legal conclusions–and, if proven, they give rise to a plausible claim for relief." *Id.*

In support of that finding, *Hoffman* cited *Qureshi v. Panjwani*, Civil Action No. H-08-3154, 2009 WL 1631798, at *3 (S.D. Tex. June 29, 2009) (Rosenthal, J.) (granting store clerks leave to amend their complaint). *Qureshi* held that a store clerks plead sufficient allegations to state a claim to recover overtime pay when they alleged the defendants employed them, that they did work ordinarily performed by nonexempt workers, and that they had to work over forty hours per week without overtime pay. 2009 WL 1631798, at *3.

MSF relies on *Coleman* to argue that Saucedo failed to state a plausible claim that MSF violated the FLSA's overtime provisions.[2] Dkt. 10 at 2. Specifically, MSF argues that Saucedo's

---

[2]MSF states that "[in *Coleman* . . . the Fifth Circuit found the follow allegations insufficient under *Twombly* and *Iqbal* . . . ." Dkt. 10 at 2. *Coleman* is an unpublished district court case. *See* 2014 WL 51290, at *1.

4

allegations "are even more threadbare and conclusory than the complaint dismissed in *Coleman*." *Id.* at 3. MSF argues that Saucedo's allegations "merely repeat the language of the FLSA," that it "fails to allege that he actually worked any hours in excess of forty," and that "MSF is left to speculate as to whether Saucedo actually worked any overtime and when overtime violations, if any, may have occurred." *Id.*

Saucedo argues that "it is enough for a plaintiff to allege that he regularly worked more than 40 hours a workweek, and that he was not paid overtime for those additional hours . . . ." Dkt. 11 at 2. Saucedo relies on *Qureshi* and *Hoffman*. *Id.* at 2–3.

Here, Saucedo has alleged he was a nonexempt employee, that he regularly worked more than forty hours per work week, and that he was not paid at the overtime rate for those hours. Dkt. Saucedo's allegations track those in *Hoffman*. *Compare* 2009 WL 4825224, at *3 *with* Dkt. 1 at 2–3. Because almost identical allegations were sufficient in *Hoffman*, they are here, too. *Id.* Accordingly, Saucedo has alleged sufficient facts to state a claim for relief under 12(b)(6). Therefore, MSF's motion to dismiss is DENIED.

### IV. CONCLUSION

MSF's motion to dismiss (Dkt. 10) is DENIED.

Signed at Houston, Texas on December 4, 2017.

_____
Gray H. Miller
United States District Judge